UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

MARTESE SMITH,

    Plaintiff,

  v.

RONALD THURSTON, individually,
and SCOTT J. ISRAEL, as SHERIFF of
BROWARD COUNTY, Florida,

    Defendants.

_____/

## COMPLAINT
## INTRODUCTORY STATEMENT

1.    This is a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, against Defendant RONALD THURSTON, individually, and Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida.

2.    This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343. Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. § 1367(a).

3.    Plaintiff has fully complied with all conditions precedent to bringing this action imposed by Florida Statute § 768.28.

## PARTIES

4. Plaintiff MARTESE SMITH (hereinafter "Plaintiff") is a resident of Broward County, State of Florida.

5. At all times referred to herein, Defendant RONALD THURSTON [hereinafter Defendant THURSTON] was acting under color of law as a deputy sheriff for SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, and in such capacity as an agent, servant, and employee of SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida.

6. Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, is the Sheriff of Broward County, Florida [hereinafter Defendant BROWARD SHERIFF'S OFFICE], as organized and existing under the Constitution and laws of the State of Florida. In this cause, Defendant BROWARD SHERIFF'S OFFICE acted through its agents, employees, and servants, including Defendant THURSTON, and others.

7. Plaintiff sues Defendant THURSTON in his individual capacity.

## FACTS COMMON TO ALL COUNTS

8. At all times hereto, Plaintiff was a truck driver who lived with his fiancé, Shaquita Pitts, at 449 SW 1st Court, # 205, Pompano Beach, Broward County, Florida.

9. At all times hereto, Pitts owned a white-in-color 2004 Chevrolet Impala with Georgia tags.

10. On the evening of March 23, 2012, Defendant THURSTON was dispatched to a "suspicious incident" in Pompano Beach, Florida.

11. Based on information and belief, Defendant BROWARD SHERIFF'S OFFICE was contacted by Natasha Hutchsion (hereinafter "Hutchsion"), who advised police dispatchers that she was the sister of Keonna Bowlen (hereinafter "Bowlen") and that Bowlen requested police assistance due to verbal dispute with a boyfriend.

12. Based on information and belief, there was no allegation of physical violence or criminal conduct made by Hutchsion.

13. Defendant BROWARD SHERIFF'S OFFICE dispatch records indicate that Hutchsion advised police dispatchers that she lived in Pompano Beach but did not have a vehicle to check on her sister, and did not know whether Bowlen's boyfriend was at Bowlen's residence located at 501 SW 1st Court, Pompano Beach, Florida.

14. Based on information and belief, Defendant THURSTON arrived at 501 SW 1st Court, Pompano Beach, Florida, at 21:48 hours, and searched the area without observing any suspicious activity or making contact with Bowlen.

15. Based on information and belief, Defendant THURSTON spoke with Hutchsion via telephone and was advised that Bowlen drove a white-in-color Chevrolet Impala.

16. Defendant THURSTON subsequently observed Plaintiff pulling out of a parking spot at or near 499 SW 1st Court, Pompano Beach, Florida, while driving Pitts' white-in-color 2004 Chevrolet Impala.

17. Defendant THURSTON blocked in the Chevrolet Impala operated by Plaintiff, nose-to-nose.

18. Plaintiff stopped, at which time Defendant THURSTON exited his police car, pointed his firearm at Plaintiff, and ordered Plaintiff to exit the vehicle, screaming: "Get out of the car!," and "Put your hands where I can see them!"

19. Plaintiff was afraid he was going be shot and fully complied.

20. Upon exiting his vehicle, Defendant THURSTON grabbed Plaintiff and threw him against the car, and struck Plaintiff in the back of his head with a blunt object. Plaintiff also sustained injury to the area of his left eye.

21. Plaintiff crumbled to the ground, felt a knee in his back, and was handcuffed and placed in the back of a police car by Defendant THURSTON in the absence of probable cause that Plaintiff committed any criminal offense.

22. Based on information and belief, Defendant THURSTON confirmed that Plaintiff had no association with Bowlen and that the vehicle owned by Bowlen was a white-in-color 2008 Chevrolet Impala with Florida tags.

23. Based on information and belief, Defendant THURSTON then transported Plaintiff to the Broward County Jail, but due to the nature and severity of Plaintiff's injuries, the jail refused to accept without medical clearance. Plaintiff was then transported to Broward General Medical Center for medical care and treatment of his injuries.

24. No criminal charges were ever filed against Plaintiff by the Broward County State Attorney's Office.

25. The conduct of Defendant THURSTON , as set forth herein, occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### FOURTH AMENDMENT CLAIM AGAINST DEFENDANT THURSTON, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983
### (TEMPORARY DETENTION)

For his cause of action against Defendant THURSTON, individually, in Count I, Plaintiff states:

26. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 25.

27. Defendant THURSTON subjected Plaintiff to temporary detention by blocking Plaintiff's motor vehicle, pointing his firearm at Plaintiff, and ordering Plaintiff to exit the vehicle.

28. At the time of the temporary detention, Defendant THURSTON lacked reasonable suspicion that Plaintiff had committed, was committing, or was about to commit any criminal offense, insofar as Defendant THURSTON knew only that Keonna Bowlen alleged there was a verbal dispute between herself and her boyfriend.

29. The temporary detention of Plaintiff by Defendant THURSTON was objectively unreasonable, in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from temporary detention in the absence of reasonable suspicion that Plaintiff had committed, was committing, or was about to commit any criminal offense.

30. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

31. As a further direct and proximate result of the conduct of Defendant THURSTON, individually, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and the need for medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's clearly established civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

a. Judgment for compensatory damages in excess of $ 15,000 dollars;

b. Judgment for exemplary damages;

c. Cost of suit;

d. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

e. Trial by jury as to all issues so triable; and

f.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
## FOURTH AMENDMENT UNLAWFUL SEARCH AND SEIZURE CLAIM AGAINST DEFENDANT THURSTON, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant THURSTON, individually, in Count II, Plaintiff states:

32.     Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 25.

33.     During the temporary detention, Plaintiff was subjected to a pat-down search by Defendant THURSTON.

34.     At the time of the pat-down search, Defendant THURSTON lacked reasonable suspicion that Plaintiff was armed and dangerous.

35.     Alternatively, if the pat-down search of Plaintiff by Defendant THURSTON was reasonable at its inception, the pat-down search was unreasonable in scope, insofar as Defendant THURSTON placed his hand(s) inside Plaintiff's pockets and removed Plaintiff's wallet and cell phone, causing the seizure of Plaintiff's wallet and cell phone without a warrant.

36.     The conduct of Defendant THURSTON was objectively unreasonable, in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from the unconstitutional search of his person.

37.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

38.     As a further direct and proximate result of the conduct of Defendant THURSTON, individually, Plaintiff suffered loss of his liberty and freedom, bodily injury, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing

and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

a.  Judgment for compensatory damages in excess of $ 15,000 dollars;

b.  Judgment for exemplary damages;

c.  Cost of suit;

d.  Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

e.  Trial by jury as to all issues so triable; and

f.  Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III
### PLAINTIFF'S FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT THURSTON, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant THURSTON, individually, in Count III, Plaintiff states:

39. Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations of paragraphs 1 through 25.

40. Defendant THURSTON proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

41. The conduct of Defendant THURSTON towards Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from arrest in the absence of probable cause.

42. As a direct and proximate result of the acts described above, in violation of 42 U.S.C.§ 1983, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

43. As a further direct and proximate result of the conduct of Defendant THURSTON,

individually, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and the need for medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's clearly established civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

a. Judgment for compensatory damages in excess of $ 15,000 dollars;

b. Judgment for exemplary damages;

c. Cost of suit;

d. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

e. Trial by jury as to all issues so triable; and

f. Such other relief as this Honorable Court may deem just and appropriate.

### COUNT IV
### EXCESSIVE USE OF FORCE BY DEFENDANT THURSTON, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant THURSTON, individually, in Count IV, Plaintiff states:

44. Plaintiff realleges and adopts, as if fully set forth in Count IV, the allegations of paragraphs 1 through 25.

45. The use of force by Defendant THURSTON towards Plaintiff was objectively unreasonable and unnecessary for Defendant THURSTON to defend himself or any other person from bodily harm during the temporary detention or arrest of Plaintiff, and constitutes the excessive use of force in violation of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

46. As a direct and proximate result of the acts described above, in violation of 42 U.S.C.

§ 1983, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

47. As a further direct and proximate result of the conduct of Defendant THURSTON, individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and the need for medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's clearly established civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

    a. Judgment for compensatory damages in excess of $ 15,000 dollars;

    b. Judgment for exemplary damages;

    c. Cost of suit;

    d. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    e. Trial by jury as to all issues so triable; and

    f. Such other relief as this Honorable Court may deem just and appropriate.

### COUNT V
### FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST
### DEFENDANT BROWARD SHERIFF'S OFFICE

For his cause of action against Defendant BROWARD SHERIFF'S OFFICE, in Count V, Plaintiff states:

48. Plaintiff realleges and adopts, as if fully set forth in Count V, the allegations of paragraphs 1 through 25.

49. Defendant THURSTON proximately caused Plaintiff's arrest in the absence of legal authority or probable cause that Plaintiff committed any criminal offense. Alternatively, if Plaintiff's

arrest was supported by probable cause, Defendant THURSTON subjected Plaintiff to temporary detention in the absence of reasonable suspicion that Plaintiff had committed, was committing, or was about to commit any criminal offense, insofar as Defendant THURSTON knew only that Keonna Bowlen alleged there had been a verbal dispute between herself and her boyfriend. *Domingues v. State*, 159 So.3d 1019, 1020-22 (Fla. 4th DCA 2015) (finding no reasonable suspicion for stop of motor vehicle where officer was responding to a "domestic disturbance," in the absence of any report of criminal activity).

50. The conduct of Defendant THURSTON constitutes false arrest/false imprisonment of Plaintiff under Florida law.

51. The false arrest/false imprisonment of Plaintiff by Defendant THURSTON committed by Defendant THURSTON in the course and scope of his employment as a police officer for Defendant BROWARD SHERIFF'S OFFICE.

52. As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

53. As a further direct and proximate result of the conduct of Defendant BROWARD SHERIFF'S OFFICE, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and the need for medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

 a. Judgment for compensatory damages in excess of $ 15,000 dollars;

 b. Cost of suit;

 c. Trial by jury as to all issues so triable; and

  d. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VI
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT THURSTON, INDIVIDUALLY

For his cause of action against Defendant THURSTON, individually, in Count VI, Plaintiff states:

  54. Plaintiff realleges and adopts, as if fully set forth in Count VI, the allegations of paragraphs 1 through 25.

  55. Defendant THURSTON proximately caused Plaintiff's arrest in the absence of legal authority or probable cause that Plaintiff committed any criminal offense. Alternatively, if Plaintiff's arrest was supported by probable cause, Defendant THURSTON subjected Plaintiff to temporary detention in the absence of reasonable suspicion that Plaintiff had committed, was committing, or was about to commit any criminal offense, insofar as Defendant THURSTON knew only that Keonna Bowlen alleged there had been a verbal dispute between herself and her boyfriend. *Domingues v. State*, 159 So.3d 1019, 1020-22 (Fla. 4th DCA 2015) (finding no reasonable suspicion for stop of motor vehicle where officer was responding to a "domestic disturbance," in the absence of any report of criminal activity).

  56. The conduct of Defendant THURSTON constitutes false arrest/false imprisonment of Plaintiff under Florida law.

  57. Alternatively to the allegations set forth in Count V, if the false arrest/false imprisonment of Plaintiff by Defendant THURSTON occurred outside the course and scope of his employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the false arrest/false imprisonment of Plaintiff was committed by Defendant THURSTON in his individual capacity.

  58. As a direct and proximate result of the acts described above, Plaintiff suffered

grievously, has been brought into public scandal, with great humiliation and mental suffering.

59. As a further direct and proximate result of the conduct of Defendant THURSTON, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and the need for medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

a. Judgment for compensatory damages in excess of $ 15,000 dollars;

b. Judgment for exemplary damages;

c. Cost of suit;

d. Trial by jury as to all issues so triable; and

e. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VII
## BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT BROWARD SHERIFF'S OFFICE

For his cause of action against Defendant BROWARD SHERIFF'S OFFICE in Count VII, Plaintiff states:

60. Plaintiff realleges and adopts, as if fully set forth in Count VII, the allegations of paragraphs 1 through 25.

61. The use of force by Defendant THURSTON towards Plaintiff was objectively unreasonable and unnecessary under the circumstances and resulted, as Defendant THURSTON reasonably should have foreseen, in a harmful and offensive contact of Plaintiff, against his will.

62. The battery/unnecessary use of force by Defendant THURSTON towards Plaintiff occurred during the course and scope of his employment as a police officer for Defendant

BROWARD SHERIFF'S OFFICE.

63. As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

64. As a further direct and proximate result of the conduct of Defendant BROWARD SHERIFF'S OFFICE, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and the need for medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    a. Judgment for compensatory damages in excess of $ 15,000 dollars;

    b. Cost of suit;

    c. Trial by jury as to all issues so triable; and

    d. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VIII
## BATTERY/UNNECESSARY FORCE CLAIM AGAINST
## DEFENDANT THURSTON, INDIVIDUALLY

For his cause of action against Defendant THURSTON, individually, in Count VIII, Plaintiff states:

65. Plaintiff realleges and adopts, as if fully set forth in Count VIII, the allegations of paragraphs 1 through 25.

66. The use of force by Defendant THURSTON towards Plaintiff was objectively unreasonable and unnecessary under the circumstances and resulted, as Defendant THURSTON reasonably should have foreseen, in a harmful and offensive contact of Plaintiff, against his will.

67. Alternatively to the allegations set forth in Count VII, if the battery/unnecessary use of force against Plaintiff by Defendant THURSTON, individually, occurred outside the course and

scope of his employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the battery/unnecessary use of force was committed by Defendant THURSTON in his individual capacity.

68. As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

69. As a further direct and proximate result of the conduct of Defendant THURSTON, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and the need for medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

a. Judgment for compensatory damages in excess of $ 15,000 dollars;

b. Judgment for exemplary damages;

c. Cost of suit;

d. Trial by jury as to all issues so triable; and

e. Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

70. Plaintiff demands trial by jury on all issues so triable as of right.

**DATED** this __22nd__ day of March, 2016.

By: *s/. Hugh L. Koerner*
Hugh L. Koerner
Florida Bar No.: 716952
Email: hlklaw@hughkoerner.com
Hugh L. Koerner, P.A.
Sheridan Executive Centre
3475 Sheridan Street, Suite 208
Hollywood, FL 33021
Telephone: (954) 522-1235
Facsimile:  (954) 522-1176
**Attorneys for Plaintiff Martese Smith**